IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID HALL, | CASE NO. 1:24-CV-01902-JRA |
| Petitioner, | JUDGE JOHN R. ADAMS |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN TOM WATSON, | **ORDER DENYING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS** [ECF #13] |
| Respondent. | |

   Before me[1] is Petitioner David Hall's Request for Voluntary Dismissal Without Prejudice. (ECF #13). On April 30, 2025, Mr. Hall filed an Amended Petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that Respondent Tom Watson, Warden of the North Central Correctional Complex (hereinafter, the State), is unlawfully detaining him beyond his maximum sentence in violation of his right to due process. (ECF #10 at PageID 12). He now requests the Court dismiss the Amended Complaint so he may exhaust available state court remedies. (*Id.* at PageID 704). To that end, Mr. Hall reports he is pursuing a claim for false imprisonment in the Ohio Court of Claims, Case No. 2025-00301,[2] and is in the process of initiating a petition for habeas corpus under state law. (*Id.*).

   Mr. Hall's request comes on the heels of the State's Answer that argues his claim is procedurally defaulted because "he failed to comply with state procedural rules which resulted in

---

[1] On April 11, 2025, this matter was referred to me pursuant to Local Civil Rule 72.2.

[2] The Ohio Court of Claims dismissed Mr. Hall's case on July 2, 2025. *See Hall v. Ohio Dep't of Rehab. & Corr.*, Ct. Claims No. 2025-00301JD (available at https://portal-ohcoc.tylertech.cloud/Portal). Mr. Hall has appealed that decision to Ohio's Tenth District Court of Appeals. (*Id.*).

1

relevant appeals being dismissed and resulted in the denial of his 2018 habeas petition" and "did not fairly put the state courts on notice of the constitutional claims that he has raised in the instant petition." (ECF #12 at PageID 40-41).

The State has since changed course. In response to Mr. Hall's request, the State announces it is not opposed to dismissing the petition without prejudice for Mr. Hall to exhaust state remedies but does not waive any potential applicable procedural defenses it might have to a new petition. (ECF #15).

I find Mr. Hall has exhausted his state court remedies by filing his claim in the state's highest court. But Mr. Hall has procedurally defaulted his claim and must overcome the default by showing both cause for not complying with a state procedural rule and prejudice. I therefore **DENY** Mr. Hall's request to dismiss the petition.

## Procedural History

On January 20, 1975, a Cuyahoga County jury convicted Mr. Hall of purposeful murder under Revised Code § 2903.02. (ECF #12-1 at PageID 55). The trial court sentenced Mr. Hall to 15 years to life in prison. (*Id.*). He was released on parole in 1984, declared a parole violator in 1988, and returned to prison in 1989. (*See id.* at PageID 443). He was paroled again in 1990. (*Id.*).

In April 1992, a Cuyahoga County jury found him guilty of felonious assault but not guilty of kidnapping. (*Id.* at PageID 59). The trial court imposed an 11-to-15-year sentence. (*Id.* at PageID 61). At the time of sentencing, former Revised Code § 2929.41(B)(3) required that sentences for new felonies committed while on parole be served consecutively to the sentence for which the defendant was on parole. Rev. Code § 2929.41(B)(3) (1994). Because Mr. Hall was convicted of a new felony while on parole supervision and the trial court's judgment entry did not specify whether the sentence was to be served consecutively or concurrently to the sentence for which he was on parole, the Adult Parole Authority (APA) and the Ohio Department of Rehabilitation and Correction (ODRC) determined the sentence for the new felony must be served consecutively to the sentence for which he was on parole, for a total aggregate sentence of 26 years to life. (*See* ECF #12-1 at PageID 443). His parole was revoked, and ODRC aggregated the two files. (*Id.*).

Fifteen years later, in 2007, Mr. Hall filed two petitions for writs of habeas corpus in the Marion County Court of Common Pleas pursuant to Revised Code §§ 2725.01, *et seq*. (*Id.* at

2

PageID 62, 96). In both petitions, Mr. Hall claimed the warden of the North Central Correctional Institution was holding him on an expired sentence. (*Id.* at PageID 65, 99). Mr. Hall argued that neither APA nor ODRC had authority to aggregate his sentence for murder in 1975 with the sentence for felonious assault in 1992 because the sentencing judge in the 1992 case did not order that sentence be served consecutively to the 1975 sentence. (*Id.* at PageID 72, 106). The trial court consolidated the petitions (*Id.* at PageID 135, 137) and granted the State's motion to dismiss on two grounds. First, Mr. Hall did not attach the necessary paperwork to the petition, including a copy of his commitment papers for the 1975 sentence as required by Revised Code § 2725.04(D). (*Id.* at PageID 195). The trial court also determined Mr. Hall is not entitled to a writ of habeas corpus because he is still serving time for the murder sentence which carries a maximum term of life imprisonment. (*Id.* at PageID 196). Mr. Hall appealed the rulings on both petitions to the Third District Court of Appeals. (*Id.* at PageID 202, 204). It dismissed both appeals for want of prosecution and denied Mr. Hall's subsequent motion for reconsideration. (*Id.* at PageID 214, 216, 220). Mr. Hall did not appeal to the Supreme Court of Ohio.

In April 2018, Mr. Hall filed a third petition for a writ of habeas corpus arguing, as he did in his first and second habeas petitions, that APA and ODRC were not authorized to aggregate his sentence, a function he argues is reserved for the trial judge, and his continued custody violates his right to be free from Double Jeopardy. (*Id.* at PageID 364-74). On December 4, 2018, the court denied the petition, explaining that a prisoner may be entitled to habeas corpus relief if his maximum sentence expired but concluded Mr. Hall, subject to an indeterminate sentence of 15 years to life in prison, had not shown that his maximum sentence expired. (*Id.* at PageID 438-39). The court also noted that a writ of habeas corpus is not the appropriate vehicle to challenge the revocation of his parole. (*Id.* at PageID 439). Finally, the court determined Mr. Hall's petition was procedurally defective and subject to dismissal because he did not attach a copy of all commitment papers as required by Revised Code § 2725.04(D) or an affidavit describing all civil actions he filed in the last five years as required by Revised Code § 2969.25(A). (*Id.*).

Mr. Hall appealed to the Third District and, in his supporting memorandum, stated he was not challenging his parole or revocation, but rather ODRC's action in aggregating his sentence "from 11 to 15 years to a 26 to life sentence." (*Id.* at PageID 606, 615). The Third District determined the trial court did not err in dismissing Mr. Hall's petition as procedurally defective

3

because Mr. Hall did not comply with the statutory requirements for filing a petition for a writ of habeas corpus. (*Id.* at PageID 662-67). Mr. Hall appealed to the Supreme Court of Ohio, but it denied jurisdiction. (*Id.* at PageID 671, 699).

## Discussion

**Exhaustion of Available State Court Remedies**. A court may not grant a petition for habeas corpus unless it appears the petitioner has exhausted available state court remedies, a state corrective process is unavailable, or circumstances exist rendering such state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). Typically, the exhaustion requirement is satisfied when the petitioner fairly presents all claims to the highest court in the state where petitioner was convicted, giving the state a full and fair opportunity to rule on the petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (exhaustion requirement is satisfied when the highest court in the state where petitioner was convicted has been given a full and fair opportunity to rule on petitioner's constitutional claims). Where state court remedies are no longer available because the petitioner failed to use them within the required time period, procedural default (discussed more fully below), rather than exhaustion, applies. *Coleman v. Thompson,* 501 U.S. 722, 732 (1991).

Here, Mr. Hall raised his claim to the Supreme Court of Ohio, exhausting his claim.

**Procedural Default**. There are two avenues by which a petitioner may procedurally default a habeas claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim may be procedurally defaulted when the petitioner fails to raise it in state court and pursue it through the state's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848 (1991)); *see also Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). As addressed above, "[i]f, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Coleman,* 501 U.S. at 732. Although the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

4

Second, procedural default occurs if a petitioner "fails to comply with state procedural rules in presenting his claim to the appropriate state court." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). To determine whether a petitioner's failure to comply with a state procedural rule bars review of habeas claims, courts in the Sixth Circuit consider four factors: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to comply with that rule; (2) whether the state court enforced the procedural rule; (3) whether the procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) whether the petitioner can demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Id.* To be independent, a state procedural rule and the state court's application of it may not involve any issue of federal law. *Coleman,* 501 U.S. at 729. To be adequate, a state procedural rule must be "'firmly established' and 'regularly followed' by the state courts at the time it was applied. *Beard v. Kindler,* 558 U.S. 53, 60-61 (2009). A federal court will not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause and prejudice or that failure to review the claim would result in a fundamental miscarriage of justice (discussed below). *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

Mr. Hall committed procedural default by not complying with a state procedural rule. In all three state court habeas petitions, Mr. Hall failed to attach copies of his commitment papers as required by Revised Code § 2725.04(D), necessitating the trial court dismiss each petition. (ECF #12-1 at PageID 195, 197, 439). Mr. Hall's failure to comply with the rule and the court's enforcement of the rule satisfies the first and second prongs of *Maupin.* The state procedural rule is an independent and adequate basis on which the state can foreclose review of a federal constitutional claim, satisfying the third prong. *See Davis v. Warden, Chillicothe Corr. Inst.*, No. 1:13-cv-198, 2014 WL 116666, *12 (S.D. Ohio Jan. 10, 2014) (when an Ohio court rejects a petitioner's claim for state habeas relief because his petition does not comply with Revised Code § 2725.04(D), that claim is procedurally defaulted on habeas review), *report and recommendation adopted,* 2014 WL 1302615 (S.D. Ohio Mar. 31, 2014). Thus, Mr. Hall's claim is procedurally defaulted.

Because Mr. Hall has exhausted his claim by raising it to the Supreme Court of Ohio, I **DENY** his request to dismiss the petition. If he can overcome the procedural default, the Court may review the merits of his claim.

Mr. Hall is directed to file a Traverse that addresses the merits of his claim and whether he can overcome the procedural default. To overcome a procedural bar, a petitioner must show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749. Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default; they must present affirmative evidence or argument as to the precise cause and prejudice produced. *See Tinsley v. Million*, 399 F.3d 796, 806 (6th Cir. 2005) (citing *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 452 (6th Cir. 2003) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at a developed argumentation, are deemed waived.") (quotation omitted)). A finding of cause and prejudice does not entitle a petitioner to habeas relief; it only allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted. *See Martinez v. Ryan*, 566 U.S. 1, 10 (2012); *see also Coleman*, 501 U.S. at 750.

Alternatively, a petitioner may overcome procedural default by showing that a fundamental miscarriage of justice will occur if the claims are not considered. *Coleman*, 501 U.S. at 750. A fundamental miscarriage of justice occurs in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Coleman*, 477 U.S. 478, 495-96 (1986); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A valid actual innocence claim must be supported by new reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial that is so strong a court cannot have confidence in the outcome of the petitioner's trial. *Schlup*, 513 U.S. at 324.

CONCLUSION

I **DENY** Mr. Hall's request to dismiss his petition without prejudice. (ECF #13). Mr. Hall is to file his Traverse no later than October 1, 2025.[3]

**IT IS SO ORDERED.**

Dated: August 27, 2025

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

---

[3] This date supersedes the September 1, 2025 deadline established by my order of August 18, 2025 granting Mr. Hall's motion for extension of time.