IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID HALL, | CASE NO. 1:24-CV-01902-JRA |
| Petitioner, | JUDGE JOHN R. ADAMS |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN TOM WATSON, | **REPORT AND RECOMMENDATION** |
| Respondent. | |

**INTRODUCTION**

Petitioner David Hall, a prisoner in state custody, seeks a writ of habeas corpus under

28 U.S.C. § 2254. (ECF #10). The District Court has jurisdiction under § 2254(a) and the matter

is referred to me to prepare a Report and Recommendation. (Non-document entry of Apr. 11,

2025). Respondent Warden Tom Watson, as Warden of North Central Correctional Institution

(hereinafter, the State), filed the Return of Writ with the state court record. (ECF #12). Mr. Hall

filed a traverse and the State responded with a sur-reply. (ECF #17, 18).

Challenging the decision of Ohio Department of Rehabilitation and Correction (ODRC)

to aggregate his sentence, Mr. Hall asserts one ground for relief. As outlined below, I recommend

the District Court **DISMISS** the petition as procedurally defaulted; alternatively, if the petition is

not defaulted, I recommend the District Court **DENY** the petition as meritless. Finally, I

recommend the District Court **DENY** a certificate of appealability.

1

## PROCEDURAL HISTORY

On January 20, 1975, a Cuyahoga County jury convicted Mr. Hall of purposeful murder in violation of Ohio Revised Code § 2903.02. (ECF #12-1 at PageID 55). The trial court sentenced Mr. Hall to 15 years to life in prison (hereinafter, "the 1975 sentence"). (*Id.*). He was released on parole in 1984, declared a parole violator in 1988, and returned to prison in 1989. (*See id.* at PageID 443). He was paroled again in 1990. (*Id.*).

While on parole the second time, Mr. Hall was indicted for new felony offenses. (*Id.* at PageID 568). In April 1992, a Cuyahoga County jury found him guilty of felonious assault but not guilty of kidnapping. (*Id.* at PageID 565-66). The trial court imposed an 11-to-15-year sentence (hereinafter, "the 1992 sentence"). (*Id.* at PageID 61). The court's journal entry imposing sentence did not refer to Mr. Hall's 1975 sentence. At that time, former Revised Code § 2929.41(B)(3) required defendants to serve any sentence for a new felony committed while on parole consecutive to the sentence for which the defendant was on parole. *See* Ohio Rev. Code § 2929.41(B)(3) (1992). The Ohio Adult Parole Authority (APA) revoked parole and ODRC recalculated Mr. Hall's prison term to reflect the 1975 and 1992 sentences be served consecutively consistent with § 2929.41(B)(3), resulting in an aggregate sentence of 26 years to life. (*See* ECF #12-1 at PageID 443).

Fifteen years later, in 2007, Mr. Hall filed two petitions in state court for writs of habeas corpus under Revised Code §§ 2725.01, *et seq.* (*Id.* at PageID 62, 96). Both petitions contended Mr. Hall was being wrongly held on an expired sentence—the 1992 sentence. (*Id.* at PageID 65, 99). He reasoned certain errors in the revocation of his parole resulted in waiver of ODRC's authority to hold him on the 1975 sentence. (*Id.* at PageID 66-67, 100-01). The state court consolidated the

2

petitions (*Id.* at PageID 135, 137) and granted the State's motion to dismiss on two grounds. First, because Mr. Hall did not attach the necessary paperwork to the petition, including a copy of his commitment papers for the 1975 sentence as Revised Code § 2725.04(D) required. (*Id.* at PageID 195). Second, because even if Mr. Hall had submitted that paperwork, habeas relief was unwarranted because Mr. Hall did not receive a final discharge from parole on the 1975 sentence and thus remained subject to a maximum life term. (*Id.* at PageID 196). Mr. Hall appealed the rulings to the Third District Court of Appeals. (*Id.* at PageID 202, 204). That court dismissed both appeals for want of prosecution and denied Mr. Hall's later motion for reconsideration. (*Id.* at PageID 214, 216, 220). Mr. Hall did not appeal to the Supreme Court of Ohio.

In April 2018, Mr. Hall filed in state court a third petition for a writ of habeas corpus arguing, as he did in his first and second petitions, that he was being held on an expired sentence, ODRC was not authorized to aggregate his sentences, and his continued custody violates his right to protection against double jeopardy. (*Id.* at PageID 364-74). The state court denied the petition, explaining that a prisoner may be entitled to habeas relief *if* his maximum sentence expired, but because Mr. Hall remained subject to an indeterminate 15-year-to-life sentence, he had not shown his maximum sentence was expired. (*Id.* at PageID 438-39). The state court also determined Mr. Hall's petition was procedurally defective and subject to dismissal because he did not attach a copy of all commitment papers as per Revised Code § 2725.04(D). (*Id.* at PageID 439).

Mr. Hall again appealed the dismissal to the Third District. (*Id.* at PageID 606). That court affirmed the dismissal of Mr. Hall's petition as procedurally defective because Mr. Hall did not comply with the statutory requirements for filing a petition for a writ of habeas corpus. (*Id.* at

3

PageID 662-67). Mr. Hall appealed to the Supreme Court of Ohio, but it denied jurisdiction. (*Id.* at PageID 671, 699).

## FEDERAL HABEAS PETITION

Mr. Hall raises one ground for habeas relief:

Petitioner is being unlawfully held in that his sentence of 11 to 15 years [the 1992 sentence] has expired and Respondent has no intervening justification for holding Petitioner beyond the expiration of his completed sentence, in violation of Petitioner's right to due process.

(ECF #10 at PageID 12).

Similar to the claims in his three state habeas petitions, Mr. Hall asserts to this Court that ODRC lacked authority to hold him under the 1975 sentence. But unlike his state petitions (where he argued errors in the revocation proceedings acted to waive ODRC's authority to enforce the 1975 sentence), here he argues APA never reinstated the 1975 sentence inasmuch as it never held a revocation hearing in relation to parole for the 1975 sentence. (ECF #17 at PageID 722). In addition, Mr. Hall argues ODRC has no authority to hold him on the 1975 sentence because the trial court in 1992 did not impose the 1975 sentence and order it served consecutive to the 11-to-15-year sentence. (ECF #10 at PageID 14, ECF #17 at PageID 723).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs Mr. Hall's habeas petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA recognizes that "[s]tate courts are adequate forums for the vindication of federal rights" so AEDPA acts as a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v.*

4

*Cone*, 543 U.S. 447, 455 (2005) (citation and quotation omitted). Habeas courts review the last-explained state-court judgment on the federal claim at issue. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991).

Under AEDPA, habeas relief cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). For the purposes of § 2254(d)(1), "clearly established Federal law" means "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). It includes "the holdings, as opposed to dicta, of [Supreme Court] decisions." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

Comity principles also require federal courts to defer to a state court's judgment on issues of state substantive and procedural law. *Murray v. Carrier*, 477 U.S. 478, 491 (1986); *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982). Federal courts must accept a state court's interpretation of its statutes and rules of practice. *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986).

The standard is intended to be difficult to meet and reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011); *see also Brown v. Davenport*, 596 U.S. 118, 133 (2022) (describing habeas as an "extraordinary remedy, reserved for only extreme malfunctions in the state criminal justice system and different in kind from providing relief on direct appeal") (cleaned up). To obtain "habeas corpus from a federal

5

court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

### PROCEDURAL BARRIERS TO FEDERAL HABEAS REVIEW

Before a federal court may review a petitioner's habeas claims on the merits, the petitioner must overcome several procedural barriers. These barriers, including the exhaustion of state remedies and procedural default, limit a petitioner's access to review on the merits of a constitutional claim. *See Daniels v. United States*, 532 U.S. 374, 381 (2001). Federal habeas review is limited to federal constitutional claims that a state court decided on the merits. When a state court does not review those claims or denies review on procedural error, the federal district court generally may not review them. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991); *Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio Feb. 4, 2004).

There are two avenues by which a petitioner may procedurally default a claim. *Williams v. Andersons*, 460 F.3d 789, 806 (6th Cir. 2006). One way a procedural default occurs is if a petitioner "fails to comply with state procedural rules in presenting his claim to the appropriate state court." *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). To determine whether that failure bars review of a habeas claim, courts in the Sixth Circuit ask four questions: (1) whether there is a state procedural rule applicable to petitioner's claim and whether petitioner failed to meet that rule; (2) whether the state court enforced the procedural rule; (3) whether the procedural rule is an adequate and independent state ground on which the state can bar review of the federal constitutional claim; and (4) whether the petitioner can show cause for his failure to follow the

rule and that he was actually prejudiced by the alleged constitutional error. *Id.* If the answer to the first three questions is yes and the petitioner has not shown cause or prejudice, explained below, the claim is procedurally defaulted, barring habeas review. *Id.*

The other way a claim can be procedurally defaulted is if a petitioner does not raise it in state court and pursue it through the state's "ordinary appellate review procedures." *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). To have a habeas claim considered on the merits, a petitioner must present that federal claim at "each and every level" of the state courts. *See Baston v. Bagley*, 282 F.Supp.2d 655, 661 (N.D. Ohio 2003) ("Issues not presented at each and every level [of the state courts] cannot be considered in a federal habeas corpus petition."). If a petitioner did not first raise his federal habeas claim before the state courts and state law would no longer allow the petitioner to raise the claim in state court, the claim is procedurally defaulted. *Williams*, 460 F.3d at 806.

But a procedural default may not be the end of a habeas claim. A petitioner can overcome a procedural bar by showing either (1) cause for the default and actual prejudice because of the alleged violation of federal law or (2) not considering the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 749. Success here does not entitle a petitioner to habeas relief; it only allows a federal court to consider the merits of a claim (subject to the standard of review above) when the claim would otherwise be procedurally defaulted. *See Martinez v. Ryan*, 566 U.S. 1, 10 (2012); *see also Coleman*, 501 U.S. at 750.

Habeas petitioners cannot rely on conclusory assertions of cause and prejudice to overcome procedural default. Rather, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *see also*

*Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012). Neither a petitioner's pro se status nor

any ignorance of the law and procedural filing requirements are enough to show cause to

overcome procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004).

To show prejudice sufficient to overcome procedural default, a petitioner must show more

than mere errors in the state trial creating a possibility of prejudice. *Murray*, 477 U.S. at 494.

Rather, he must show the alleged errors worked to his actual and substantial disadvantage,

infecting the entire trial with error of constitutional dimensions. *Id.* There is no prejudice where

the petitioner does not show a reasonable probability that the result of the proceeding would have

been different. *Ambrose v. Booker*, 801 F.3d 567, 577-78 (6th Cir. 2015).

Alternatively, a petitioner may overcome a procedural bar by asserting a convincing claim

of actual innocence. In *Coleman,* the Supreme Court held:

> In all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750. A fundamental miscarriage of justice occurs when a constitutional violation has

probably resulted in the conviction of one who is actually innocent. *Id.* at 748. Actual innocence

means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623

(1998). As the Sixth Circuit recently summarized,

> This means that a petitioner may not pass through the equitable gateway by simply undermining the state's case. Rather, he must demonstrate that he *factually* did not commit the crime. Of course, dismantling the state's case is *relevant* and *helpful* to the petitioner because it leaves a vacuum to be filled by an exonerative explanation; but it is not sufficient in and of itself.

*Hubbard v. Rewerts*, 98 F.4th 736, 743 (6th Cir. 2024) (emphasis in original), *cert. denied*, 145 S.Ct. 1201 (2025).

To demonstrate actual innocence, the petitioner must show that in light of new reliable evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). When a petitioner presents new evidence the reviewing habeas court must assess the likely impact of that evidence on reasonable jurors in light of the evidence presented at trial. *Id.* at 331-332 ("the District Court must assess the probative force of the newly presented evidence in connection with the evidence of guilty adduced at trial").

ANALYSIS

The State argues Mr. Hall procedurally defaulted his claim in the state courts and, alternatively, his claim is meritless. (ECF #12 at PageID 46).

**A.    Procedural Default**

As mentioned above, a petitioner procedurally defaults by "fail[ing] to comply with state procedural rules in presenting his claim to the appropriate state court." *Maupin*, 785 F.2d at 138. Mr. Hall's petition is procedurally defaulted because he did not follow Ohio's procedural rules in presenting his claim to Ohio's courts. In all three state court habeas petitions, Mr. Hall did not attach copies of his commitment papers as Revised Code § 2725.04(D) requires, necessitating the trial court dismiss each petition. (ECF #12-1 at PageID 195, 197, 439). Mr. Hall's failure to adhere to the rule and the state court's enforcement of the rule satisfies the first and second prongs of *Maupin*. That rule is also an independent and adequate basis on which the state can foreclose review of a federal constitutional claim, satisfying the third prong. *See Davis v. Warden, Chillicothe*

9

*Corr. Inst.*, No. 1:13-cv-198, 2014 WL 116666, *12 (S.D. Ohio Jan. 10, 2014) (when an Ohio court rejects a petitioner's claim for state habeas relief because his petition does not comply with Revised Code § 2725.04(D), that claim is procedurally defaulted on habeas review), *report and recommendation adopted*, 2014 WL 1302615 (S.D. Ohio Mar. 31, 2014).

As to the last prong, Mr. Hall does not explicitly rebut the State's argument or allege any circumstances that might constitute cause and prejudice to overcome procedural default. Nor does Mr. Hall allege or present new evidence showing he is actually innocent of the convicted offenses. Under *Maupin,* absent cause and prejudice or actual innocence, the claim is procedurally defaulted. *See* 785 F.2d at 138. As such, Mr. Hall has not overcome procedural default, and the District Court may not review the merits of his claim. *See Coleman,* 501 U.S. at 730-31.

For those reasons, I recommend the District Court **DISMISS** the claim as procedurally defaulted.

## B.      Merits Review

Even if the Court finds no procedural default, Mr. Hall is not entitled to habeas relief. To receive federal habeas relief, Mr. Hall must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Claims that a state court erred in interpreting or applying state law do not justify habeas relief. *See Lewis v. Jeffers,* 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *see also Estelle v. McGuire,* 502 U.S. 62, 67 (1991) ("Today we reemphasize that it is not the province of a federal habeas court

to reexamine state-court determinations on state-law questions."). For the reasons set forth below, Mr. Hall has not shown he is in custody in violation of federal constitutional law.[1]

First, no Supreme Court case law establishes a state prisoner's federal due process rights are violated when he remains in custody past his maximum state prison term. Unpublished Sixth Circuit case law suggests such action could result in a constitutional violation, but the issue presented here concerns the computation of a prison term under state law and is not reviewable under 28 U.S.C. § 2254. *See Kipen v. Renico*, 65 F.App'x 958, 959 (6th Cir. 2003) ("Incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation. However, the actual computation of [petitioner's] prison term involves a matter of state law not cognizable under [§ 2254].") (citing *Estelle*, 502 U.S. at 68); *see also Howard v. White*, 76 F.App'x 52, 53 (6th Cir. 2003) (holding petitioner's challenge to the state court's interpretation and application of state sentencing laws and guidelines is a matter of state concern and is not cognizable on federal habeas review).

Mr. Hall's claim appears to be based on his interpretation of Ohio sentencing law. Detailed above, Mr. Hall was convicted of murder in 1975 and sentenced to an indeterminate term of 15 years to life in prison. (ECF #12-1 at PageID 55). In 1990, the APA released him on parole. (*Id.* at PageID 444). In 1992, while on parole, Mr. Hall was convicted of felonious assault and sentenced to 11 to 15 years in prison. (*Id.* at PageID 59, 61). In December 1992, the APA revoked his 1990

---

[1] To the extent Mr. Hall asserts a tort claim for false imprisonment (*see* ECF #17 at PageID 721-22), such a claim fails for multiple reasons. First, "claims raised for the first time in a traverse are not properly before a district court." *See Royster v. Warden, Chillicothe Corr. Inst.*, No. 18-3362, 2018 WL 8138770, at *2 (6th Cir. Aug. 23, 2018). Second, there is no indication Mr. Hall fairly presented the claim to the state courts. And third, a civil tort judgment "lacks the authority to set aside a criminal conviction or its accompanying sentence." *See In re Campbell*, 874 F.3d 454, 461 (6th Cir. 2017).

11

parole. (*Id.* at PageID 447-48). Under the authority of former Revised Code § 2929.41(B)(3), ODRC aggregated the 1975 and 1992 sentences, resulting in a sentence of 26 years to life in prison. (ECF #12-1 at PageID 443, 451). The version of Revised Code § 2929.41(B)(3) in effect at the time provided that "[a] sentence of imprisonment shall be served consecutively to any other sentence of imprisonment . . . [w]hen it is imposed for a new felony committed by a probationer, parolee, or escapee." Though Mr. Hall does not explicitly challenge the state court's application of Revised Code § 2929.41(B)(3), he does claim the 1975 sentence is "expired" because the trial court did not order the 1992 sentence be served consecutively to the 1975 sentence and contends the ODRC does not have the authority to make that determination. (ECF #17 at PageID 723-25) (citing state case law). These are matters of state concern not cognizable on federal habeas review. Though Mr. Hall twice references that he was denied due process of law because ODRC aggregated his sentences (*see* ECF #10 at PageID 14; ECF #17 at PageID 725), these brief invocations to due process do not convert his arguments about a misapplication of Ohio sentencing law into a federal due-process claim—let alone one that was presented to the state courts and properly preserved for habeas review. *See McMeans v. Brigano*, 228 F.3d 674, 681-82 (6th Cir. 2000) (holding allegations of a denial of fair trial and due process did not turn an argument about Ohio's rape-shield law into a federal constitutional claim).

Habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair criminal process." *Williams,* 460 F.3d at 816 (6th Cir. 2006). But "the category of infractions that violate fundamental fairness is defined very narrowly," and includes only state rulings that "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bey v. Bagley,* 500 F.3d 514, 521 (6th Cir. 2007)

(cleaned up). When the petitioner raises a claim that state law error resulted in fundamental unfairness, the petitioner bears the burden of showing "the principle of procedure violated by the rule (and allegedly required by due process)" is fundamental. *Id.* To the extent Mr. Hall's claim can be construed as alleging the misapplication of state sentencing laws was fundamentally unfair, he is still not entitled to habeas relief because the record does not reflect that he is being held beyond the expiration of his maximum sentence.

As noted above, Mr. Hall insists the 1975 sentence "expired" when he was sentenced to 11-to-15 years of imprisonment in 1992 because the trial court did not explicitly order the new sentence be served consecutively to the 1975 sentence. Ohio case law interpreting former Revised Code § 2929.41(B)(3) firmly establishes that the provision is self-executing and automatically applies to impose consecutive sentences by operation of law. *See, e.g., State v. Rhodes*, No. 00 CA 160, 2001 WL 950685, at *2 (Ohio Ct. App. Aug. 14, 2001) (concluding that former Rev. Code § 2929.41(B)(3) "is self-executing and does not require that the trial court specifically state that the new sentence be served consecutively with the old sentence(s)"); *State v. Steen*, No. 93CA490, 1994 WL 322963, at *8 (Ohio Ct. App. June 28, 1994) (finding "[a]lthough the judgment entry from Athens County did not explicitly make its sentence consecutive to those of Vinton and Ross Counties, the terms of R.C. 2929.41 are self-executing"); *State ex rel. Foster v. Ohio State Adult Parole Auth.*, No. 91 AP–1109, 1992 WL 193719, at *2 (Ohio Ct. App. Aug. 6, 1992) ("[a]bsent a specific indication to the contrary by the trial court, sentences imposed for crimes committed by parolees are served consecutively with sentences upon which parole is subsequently revoked"). The state court's interpretation is binding on federal habeas review. *See Duffel*, 785 F.2d at 133.

Here, Mr. Hall was convicted in 1992 of an offense while on parole, triggering consecutive sentences under then Revised Code § 2929.41(B)(3). The trial court did not need to explicitly order the 1992 sentence be served consecutive to the 1975 sentence to effectuate a consecutive sentence because § 2929.41(B)(3) automatically requires sentences be served consecutively. Thus, under Ohio law, Mr. Hall's 1975 sentence remained in effect after he was sentenced in 1992 and did not "expire." As such, Mr. Hall remains subject to a maximum term of life and has failed to show that he is being held beyond the expiration of his maximum sentence.

Thus, if the District Court determined the petition was not procedurally defaulted, then I would recommend the District Court **DENY** the petition as meritless.

### CERTIFICATE OF APPEALABILITY

A habeas petitioner may not appeal the denial of an application for a writ of habeas corpus unless a judge issues a COA and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). When a district court has determined a petitioner's constitutional claim to lack merit, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

14

ruling. *Id.* A showing that the appeal would succeed on the claim is not needed to grant a COA. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Mr. Hall has not made a substantial showing that he was denied any federal constitutional right. Jurists of reason would not find it debatable whether the claim is procedurally defaulted and otherwise meritless. I thus recommend the District Court **DENY** Mr. Hall a COA on his single claim for relief.

### CONCLUSION AND RECOMMENDATION

For these reasons, I recommend the District Court **DISMISS** the petition as procedurally defaulted or, alternatively, **DENY** the petition as meritless. I further recommend the District Court **DENY** Mr. Hall a certificate of appealability.

Dated: April 29, 2026

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

### OBJECTIONS, REVIEW, AND APPEAL

**Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the Magistrate Judge.** *See* **Fed. R. Civ. P. 72(b)(2);** *see also* **28 U.S.C. § 636(b)(1); Local Civ. R. 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.**

**Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal, either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the Report and Recommendation.** *Berkshire v.*

15

*Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the Report and Recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the Magistrate Judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-cv-186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*, 932 F.2d at 509). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).